UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

               Petitioners,

         v.

NATIONAL RETAIL INSTALLATION
CORP. d/b/a NATIONAL RETAIL
INSTALLATION INC.,

               Respondent.

No. 22-CV-6876 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York, commenced this action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, against Respondent National Retail Installation Corp., otherwise known as National Retail Installation Inc., to confirm an arbitration award issued pursuant to a collective bargaining agreement (the "CBA"). Under the CBA and corresponding collection policy (the "Collection Policy"), Respondent was obligated to remit contributions to the Funds for every hour worked by its

employees within the trade and geographical jurisdiction of the New York City District Council of Carpenters (the "Union").  A dispute arose between the parties when an audit performed by Petitioners (the "Audit Examination") revealed that Respondent had failed to pay contributions in the amount of $46,710.41.  Petitioners initiated arbitration pursuant to the Collection Policy, Respondent failed to appear, and the arbitrator issued an award in the sum of $67,909.01, which consists of the principal audit deficiency of $46,710.41 plus interest, liquidated damages, promotional fund contributions, audit costs, attorney's fees, and the arbitrator's fee (the "Award").  Now before the Court is Petitioners' motion to confirm the Award and for attorney's fees and costs associated with this action, which Respondent has not opposed.  For the following reasons, Petitioners' motion is granted.

## DISCUSSION

### I.   Confirmation of Arbitration Award

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks omitted).  Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial order confirming the award, which a court must grant unless the award is vacated, modified, or corrected.  9 U.S.C. § 9.  In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *Id.*  Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

Summary judgment is appropriate here because Petitioners have demonstrated that there is no material issue of fact in dispute. The Award was issued by Daniel Engelstein, an impartial arbitrator for the Funds, following a hearing held on May 16, 2022. *See* Amended Petition, Ex. J, ECF No. 9. After Respondent failed to appear at the hearing, the arbitrator proceeded to hear evidence on the merits of the dispute. The auditor who performed the Audit Examination testified "as to the procedure he followed in reviewing the [Respondent's] relevant payroll and other records to ensure the accuracy of the contributions previously made," and he described the underpayments he discovered as reflected in his report (the "Audit Report"). *Id.* at 2. The auditor further testified that Respondent "did not contest the Audit Report's findings or calculations," but rather "informed the Funds office that no payment would be forthcoming asserting it had gone out of business." *Id.* The arbitrator accordingly found that Respondent was "delinquent in its contribution obligations" and issued the Award against Respondent totaling $67,909.01. *Id.* at 3.

The CBA and Collection Policy further support Petitioners' contention that arbitration was appropriate and that the arbitrator acted within the scope of his authority. *See* Amended Petition, Exs. B, G; *see also Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997) ("The scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement. . . Even if a court is convinced the arbitrator's decision is

incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority."). The Collection Policy—which was issued by the Funds in accordance with the CBA—provides that "legal action to collect delinquencies shall generally be in the form of arbitration," and it designates a panel of five arbitrators, including Mr. Engelstein. *See* Amended Petition, Ex. G. In light of Respondent's failure to oppose the instant motion—despite being aware of this motion and their ability to oppose it, *see* Pet. Ltr., ECF No. 16—the Court has no reason to question the accuracy of the Award. The Award is, therefore, confirmed.

## II. Attorney's Fees and Costs

Petitioners also move for attorney's fees and costs associated with this action. While Section 301 of the LMRA does not provide for attorney's fees in actions to confirm arbitration awards, *see* 29 U.S.C. § 185, in the absence of statutory authority, "courts properly grant attorney's fees if there is some 'independent basis' for the award, like an enforceable contract or an action in bad faith." *Tomato Mgmt., Corp. v. CM Produce LLC*, 2014 WL 2893368, at *1 (S.D.N.Y. June 26, 2015) (quoting *E. Aramata, Inc. v. Platinum Funding Corp.*, 887 F. Supp. 590, 594 (S.D.N.Y. 1995)); *see also Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded."). Here, the CBA and Collection Policy provide for attorney's fees in the event the Funds take legal action to recover delinquent contributions. *See* Amended Petition, Ex. B, § 6(4); *id.*, Ex. G, § 4(11). In addition, despite being served with a demand letter for compliance with the Award, Respondent has yet to comply and has not provided a justification for its failure to do so. *See* Amended Petition, Ex. K. An award of attorney's fees is therefore proper in this action.

An award of attorney's fees must also be reasonable. "A district court's calculation of attorney's fees using the lodestar method, in which the district court multiplies the 'number of hours reasonably expended on litigation times a reasonable hourly rate,' is given the 'strong presumption that it represents a reasonable fee.'" *Hannah v. Walmart Stores, Inc.*, 803 F. App'x 417, 424 (2d Cir. 2020) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 n.1 (2d Cir. 1999)). For this action, Petitioners' attorneys billed a total of 8.6 hours, at a rate of $275 per hour for associates and $120 per hour for legal assistants.[1] Petitioners thus seek $1,776 in attorney's fees, as well as $77.57 in costs, which reflect the court filing fee, service fees, and postage costs incurred. The Court finds the number of hours billed and billing rates to be reasonable, and thus awards Petitioners the requested amount in attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to confirm the arbitration award of $67,909.01 is granted. Petitioners' motion for attorney's fees and costs is also granted. The Clerk of Court is directed to enter judgment in the amount of $67,909.01 plus (1) $1,776 in attorney's fees and $77.57 in costs; (2) pre-judgment interest from May 11, 2022 through the date of judgment in this action at the rate of 5.25%; and (3) post-judgment interest at the statutory rate. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:   May 4, 2023
         New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge

---

[1] Petitioners' attorneys also billed at a rate of $350 per hour for partners, but as reflected in Exhibit L to the Amended Petition, no partner billed any work for this action.

5